HONORABLE ROBERT S. LASNIK
Trial Date: March 4, 2019

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EL-FATIH P. NOWELL,<br><br>Plaintiff,<br><br>vs.<br><br>TRIMED AMBULANCE, LLC and KENT FIRE DEPARTMENT REGIONAL FIRE AUTHORITY aka PUGET SOUND REGIONAL FIRE AUTHORITY and JOHN DOES 1-4,<br><br>Defendants. | No. 2:17-cv-01133 RSL<br><br>DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**INTRODUCTION**

Plaintiff's Response to TriMed's Motion for Summary Judgment does not overcome the arguments set forth in TriMed's Motion. In an attempt to conflate the issues and confuse the Court, Plaintiff files a single reply brief; despite both Defendants filing separate Summary Judgments with different legal arguments. Plaintiff's Motion is rife with unsubstantiated allegations, and the legal arguments are nothing more than conclusory allegations derived from Plaintiff's inflammatory, unsupported narrative.

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 1
JCM6317.093/2957491x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Plaintiff does not cite any evidence from either TriMed or Kent RFA personnel—a total of five (5) depositions spanning multiple hours—in his entire Response. (*See* Decl. of Harold Franklin). Rather, Plaintiff relies on his own deposition testimony that was disputed by all TriMed and Kent RFA personnel, and disputed by several eyewitnesses to the accident. (*See* TriMed's MSJ). These do not suffice. "[Plaintiff's] only support for his claims … are his own conclusory allegations, which are insufficient to defeat a motion for summary judgment." *Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1079 (9th Cir. 2003). Plaintiff's tort claims are barred by the immunity provision of Washington's Involuntary Treatment Act, and because TriMed did not act under the color of state law, his Civil Rights claims are also improper against TriMed. Defendant TriMed is entitled to Summary Judgment as a matter of law.

## I. PLAINTIFF'S "LIST OF DISPUTED FACTS" DOES NOT CREATE A GENUINE ISSUE OF MATERIAL FACT AS TO TRIMED

Plaintiff purportedly identifies three disputed facts. None of these create a genuine issue of material fact as to TriMed. They are:

1. "Mr. Nowell denies that he was combative."
2. "Mr. Nowell states that he was capable of making medical decisions on his own and was not a threat to himself and others."
3. "Mr. Nowell believes that they used excessive and unnecessary force."

Each 'disputed fact' is a conclusory, subjective statement by Plaintiff himself. "[Plaintiff's] conclusory allegations unsupported by factual data are insufficient to defeat the [Defendant's] summary judgment motion." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001).

All of Plaintiff's facts are immaterial as applied to TriMed's Motion. The decision to restrain Plaintiff was made independent of TriMed; whether he was combative or capable of

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 2
JCM6317.093/2957491x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

making medical decisions on his own does not impact TriMed's liability. The decision that Plaintiff was unable to care for himself and others, and thus should be involuntarily committed, was made by Kent RFA incident commander White and then confirmed by Officer Dorff. (*See* TriMed MSJ, p. 13-14). TriMed was only present to provide transport services at the direction of Kent RFA, TriMed did not make a determination as to Plaintiff's mental state. *Id.* Further, Plaintiff's subjective belief that Defendants used excessive and unnecessary force does not create a genuine issue of material fact. "[I]f the factual dispute is immaterial, it cannot be held to bar the granting of summary judgment." *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952–53 (9th Cir. 1978).

## II. PLAINTIFF FAILS TO SHOW THAT WASHINGTON'S INVOLUNTARY TREATMENT ACT DOES *NOT* APPLY TO THIS ACTION

TriMed devotes a substantial portion of its Motion to Washington's Involuntary Treatment Act ("ITA"); specifically the immunity provision of RCW 71.05.120. Plaintiff's response to this argument spans approximately one page, cites an abbreviated version of the ITA's legislative intent, and then conclusively states the ITA "does not apply to the current case." (Plaintiff's Response, pp. 14-15). Plaintiff fails to address any portion of the actual immunity provision, fails to distinguish any of the cases cited by TriMed, and fails to even argue that TriMed acted with gross negligence or bad faith required to overcome the statute.

Plaintiff argues that the ITA does not apply "because [Plaintiff] was not seeking mental health treatment nor was he seeking substance abuse treatment and there is no contention that his [*sic*] was mentally ill nor under the influence of any substance." (Plaintiff's Response, p. 15). But that is not the litmus test. There is no requirement that a patient has a diagnosed mental disorder or must seek substance abuse treatment to fall under

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 3
JCM6317.093/2957491x

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

the ITA. Further, the Act broadly defines mental disorder as "any organic, mental, or emotional impairment which has substantial adverse effects on a person's cognitive or volitional functions." RCW 71.05.020 (37). *See also In re Detention of R.S.*, 124 Wash. 2d 766, 771, 881 P.2d 972, 975 (1994) ("[The ITA] defines "mental disorder" broadly."). Regardless, numerous individuals observed Plaintiff's altered mental state:

- Plaintiff's co-worker, Mr. Demers, "found Mr. Nowell in the restroom sweating heavily and disoriented." (Kent RFA MSJ, p. 4);
- Plaintiff's supervisor, Ms. Forehand, "immediately recognized Plaintiff was "[i]n distress of some kind … He was a little bit disoriented … I observed [Plaintiff] slurring his speech."" (TriMed MSJ, p. 4);
- Kent RFA incident commander White interviewed Plaintiff: "He was not – not responding appropriately … he was taking a long time to respond … he was repeating some things." *Id.* at p. 5;
- Kent RFA personnel Strobel states "Plaintiff appeared lethargic, had slurred speech and wouldn't focus on anything with his vision … his speech pattern was slow and slurred." *Id.*
- TriMed personnel McClaine stated "[Plaintiff] did not know where he was or what was going on or who the president was." *Id.* at pp. 12-13.

The multiple observations of Plaintiff's disorientation, confusion, and slurred speech fall under the ITA's broad definition.

Furthermore, Plaintiff was restrained pursuant to the Involuntary Commitment form signed by Kent Police Officer James Dorff because he was exhibiting sings of a mental disorder. (TriMed's MSJ, p. 11). TriMed, a private ambulance company, falls under the definition of "private agency" as used in the immunity statute RCW 71.05.120. The facts of this accident are the exact scenario envisioned by the legislature in drafting the ITA.

> The Involuntary Treatment Act ("ITA") establishes procedures for appropriate medical intervention when, as the result of a mental disorder, a person presents an imminent likelihood of serious harm.

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 4
JCM6317.093/2957491x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

> …
> [E]mployees performing functions necessary to the administration of the ITA enjoy qualified immunity for duties "performed in good faith and without gross negligence." RCW 71.05.120 … Covered functions include "the decision of whether to … detain a person for evaluation and treatment."

*Hood v. King Cty.,* No. C15-828RSL, 2017 WL 979024, at *5 (W.D. Wash. Mar. 14, 2017).

Plaintiff's argument further misinterprets TriMed's position by stating "the [ITA] does not relieve … TriMed from liability in this case." (Plaintiff's Reply, p. 15). TriMed does not assert the ITA shields private actors from liability; rather, the ITA applies a heightened gross negligence standard to claims against actors performing their duties under the ITA. (TriMed MSJ, p. 11-12). *See also Jacksin v. City of Mountlake Terrace,* No. C16-1282JLR, 2017 WL 841751, at *5 (W.D. Wash. Mar. 3, 2017) ("[E]ven an assessment under Washington's [ITA] that was incomplete and unreasonable would not rise to the level of gross negligence."). Plaintiff fails to even *assert* that TriMed acted with gross negligence or bad faith. On these grounds, his claim should be dismissed.

## III. PLAINTIFF'S ARGUMENT THAT TRIMED'S CONTRACT WITH KENT RFA PLACES THEM UNDER THE COLOR OF STATE LAW IS FLAWED

Plaintiff conclusively states because TriMed had a contract with Kent RFA to provide Basic Life Support services, "they were acting under the color of state law." (Plaintiff's Response, p. 9). Interestingly, Plaintiff concedes that "conclusory allegations that a private actor and state actor conspired are insufficient to state a claim under Section 1983." *Id.* (internal citations omitted).

Plaintiff does not argue there is "'pervasive entwinement to the point of largely overlapping identity" between TriMed and the State. *Kuba v. Sea World, Inc.,* 428 F. App'x 728, 731 (9th Cir. 2011) (internal citations omitted). Plaintiff also does not argue "the state is

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 5
JCM6317.093/2957491x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

significantly involved in the specific activity of which the party complains." *Lauderdale, v. Permanente Med. Grp., Inc.,* 845 F.2d 1029, 1029 (9th Cir. 1988) (citing *Watkins v. Mercy Med. Center,* 520 F.2d 894, 896 (9th Cir.1975)). Plaintiff also incorrectly states "Tri-Med tries to make a distinction between providing basic life support services versus advance life support services." *Id.*

In that regard, TriMed's actual argument is two-fold. First, there exists no evidence that the state of Washington "is significantly involved in the specific activity of which the [Plaintiff] complains." *Lauderdale,* 845 F.2d at 1029. Plaintiff fails to address this argument (and fails to even assert as much in the Complaint). Second, because TriMed had no contract with the state of Washington, this private ambulance company did not act under the color of state law. *See also Lauderdale,* 845 F.2d at 1029 ("Normally, private … ambulance services do not act under the color of state law."). Plaintiff's focus on Basic versus Advanced Life Support is a red herring. As TriMed argues, the Ninth Circuit focuses on whether defendants have a contract with the forum state. *See Lopez v. Dep't of Health Servs.,* 939 F.2d 881, 883 (9th Cir. 1991) ("[The] Ambulance Service [is] under contract with the state … These allegations … support a section 1983 action."). TriMed has no contract with the forum state; only with Kent RFA.

Plaintiff also attempts to cite other insignificant distinctions in an attempt to detract from the ultimate point. Plaintiff offers no evidence that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Angelone v. Furst,* No. C07-5538RJB-KLS, 2008 WL 4763351, at *2 (W.D. Wash. Sept. 19, 2008) (internal citations omitted). Plaintiff also cites to *Lopez,* which actually reiterates that the Ninth Circuit found state action

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 6
JCM6317.093/2957491x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

because the ambulance service is "under contract with the [forum] state." (Plaintiff's Response, p. 9). But there is no such contract here with the state.

In sum, Plaintiff offers no evidence of a contract or analytic support for the conclusion that because TriMed has a contract with Kent RFA, TriMed acted under the color of state law. Again: "conclusory allegations unsupported by factual data are insufficient to defeat the [Defendant's] summary judgment motion." *Arpin,* 261 F.3d at 922. Plaintiff's Section 1983 Claims should be dismissed.

## IV. PLAINTIFF'S RESPONSE FAILS TO ADDRESS THE PROCEDURAL DEFECTS IN HIS COMPLAINT

Nowhere in Plaintiff's reply brief does he rebut TriMed's arguments regarding the pleading deficiencies in his Complaint. TriMed adopts and incorporates those arguments as set forth in its original Motion. As this same forum has previously concluded:

> Defendants also move to dismiss, arguing, inter alia, that a § 1983 claim cannot be brought against them because Plaintiff did not plead that they acted under the color of state law and because they are private entities. … The Court agrees with Defendants. … Plaintiff has thus failed to state a claim upon which relief can be granted.

*Robinson v. Seattle Police Dep't,* No. C17-1187RSM, 2017 WL 4122583, at *2 (W.D. Wash. Sept. 18, 2017). Additionally, in both the Complaint and Reply Brief, Plaintiff fails to allege that TriMed acted with gross negligence or bad faith. This same forum has dismissed Complaints for such deficiencies:

> Plaintiffs do not allege that Medical Center Defendants acted either in bad faith or with gross negligence as required to overcome the immunity statute. … Even assuming that the court could infer from Plaintiffs' allegations that [Defendant's] assessment was incomplete or unreasonable, such allegations are insufficient to state a claim against Medical Center Defendants because they do not rise to the level of gross negligence or bad faith. … Under RCW 71.05.120(1), Medical Center Defendants are immune from this claim, and accordingly, the court dismisses it.






901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

*Jackson,* 2017 WL 841751, at *5. Plaintiff's pleading defects, and failure to rebut them, are fatal to his claim.

**CONCLUSION**

Plaintiff's reply brief does not create a genuine issue of material fact required to overcome TriMed's Motion for Summary Judgment. Plaintiff fails to cite deposition testimony from *any* of Defendants' representatives in this matter; instead relying on his own subjective belief that "he was capable of making medical decisions on his own." (Plaintiff's Reply, p. 4). Plaintiff argues that despite suffering from a previous ITA precipitated by chest pains, and despite numerous individuals observing slurred speech, disorientation, and confusion, he should have been allowed to drive home.

Plaintiff devotes minimal time to Washington's ITA, specifically RCW 71.05.120; and fails to even assert that TriMed acted with gross negligence or bad faith. Nonetheless, the evidence fails to show any evidence of negligence, assault and battery, and false imprisonment on the part of TriMed regardless of the applicable standard.

Finally, Plaintiff's argument that TriMed acted under the color of state law relies on the contract with Kent RFA—not the State of Washington. Plaintiff's claim is not supported by the evidence or applicable law.

TriMed requests this Court summarily dismiss all of Plaintiff's claims asserted against TriMed and GRANT Defendant's Motion for Summary Judgment.

//

//

//

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 8
JCM6317.093/2957491x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

DATED this 10th day of August, 2018.

By: *s/J. C. Miller*
By: *s/Dylan E. Jackson*

J. C. Miller, WSBA No. 51932
Dylan E. Jackson, WSBA No. 29220
Wilson Smith Cochran Dickerson
901 5th Avenue, Suite 1700
Seattle, WA 98164-2050
Phone: 206-623-4100
Fax: 206-623-9273
Email: miller@wscd.com; Jackson@wscd.com
Of Attorneys for Defendant TriMed Ambulance

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 9
JCM6317.093/2957491x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**CERTIFICATE OF SERVICE**

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served via CM/ECF the foregoing document on:

**Attorney for Plaintiff**
Harold H. Franklin, Jr.
Attorney at Law
459 Seneca Ave. N.W.
Renton, WA 98057
haroldfranklin1@comcast.net

**Attorneys for Defendant Kent Fire Department Regional Fire Authority aka Puget Sound Regional Fire Authority**
Thomas P. Miller
Ann E. Trivett
Megan Maria Coluccio
Christie Law Group, PLLC
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
tom@christielawgroup.com;
ann@christielawgroup.com;
megan@christielawgroup.com

**SIGNED** this 10th day of August, 2018, at Seattle, Washington.

_s/Yana Strelyuk_
Yana Strelyuk, Legal Secretary
Wilson Smith Cochran Dickerson

DEFENDANT TRIMED AMBULANCE, LLC'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Cause No. 2:17-cv-01133 RSL) – 10

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273