HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EL-FATIH P. NOWELL,

                              Plaintiff,

v.

TRIMED AMBULANCE, LLC and KENT
FIRE DEPARTMENT REGIONAL FIRE
AUTHORITY aka PUGET SOUND
REGIONAL FIRE AUTHORITY and JOHN
DOES 1-4,

                              Defendants.

NO.   2:17-cv-01133-RSL

KENT FIRE DEPARTMENT
REGIONAL FIRE AUTHORITY'S
REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT AND
MOTION TO STRIKE
INADMISSIBLE EVIDENCE

NOTED ON MOTION CALENDAR:
AUGUST 10, 2018

***ORAL ARGUMENT REQUESTED***

## I.    INTRODUCTION AND RELIEF REQUESTED

El-Fatih Nowell testified unequivocally during his deposition that he had every intention of getting behind the wheel of his car and driving on public roads while suffering from stroke-like symptoms.  Dkt. 21 at 8; Dkt. 26-1 at Ex. C at 47:4-48:4; Ex. B at 19:21-24; Ex. D at 37:12-13; 40:24-41:5. In response to Kent Fire's motion, Mr. Nowell not only does not dispute this fact, but reaffirms it. *See generally,* Dkt. 27 at 2:23-24; 3:7-8.  To be certain, Mr. Nowell has offered no admissible

KENT FIRE'S MOTION FOR SUMMARY
JUDGMENT (2:17-cv-01133-RSL) - 1

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1   evidence to the contrary, relying only on his own testimony that he was not combative with the

2   Firefighters and that he did not wish to be detained, facts which are ultimately immaterial under these

3   circumstances.  Mr. Nowell's conclusory allegations are insufficient to defeat summary judgment.

4   *Rivera v. Nat'l R.R. Passenger Corp.,* 331 F.3d 1074, 1079 (9th Cir. 2003).  The court should now

5   dismiss all claims against Kent Fire.

6                    ## II.       MOTION TO STRIKE

7        The Court should not consider inadmissible evidence offered by Mr. Nowell. Pursuant to

8   Local Civil Rule 7(g), Kent Fire asks the Court to strike the materials attached to the Declaration of

9   Harold Franklin.  Dkt. 28.   Under Fed. R. Civ. P. 56, an affidavit or declaration used to oppose a

10  motion for summary judgment "must be made on personal knowledge, set out facts that would be

11  admissible in evidence, and show that the affiant or declarant is competent to testify on the matters

12  stated." Fed. R. Civ. P. 56(c)(4).  Mr. Franklin lacks the personal knowledge to set forth admissible

13  facts; he is not competent to testify as to facts in this case.

14       Additionally, authentication is a condition precedent to admissibility.  Fed. R. Evid. 901. To

15  authenticate the records, Plaintiff "must produce evidence sufficient to support a finding that the

16  item is what the proponent claims it is." *Id.*   It is insufficient for an attorney to simply attach a

17  document to his declaration without providing evidence sufficient to support a finding that the item

18  is what he claims it to be.  Further, with regard to medical documents, the offering party must

19  establish the chain of custody necessary to authenticate the documents. *U.S. v. Lauersen,* 348 F.3d

20  329, 340 (2d Cir. 2003).  Mr. Franklin cannot, as an attorney, authenticate Mr. Nowell's medical

21  records, because he does not possess the knowledge that the medical records are what he claims

22  them to be.  Dkt. 28 at Exs. C & F.  In addition, he cannot establish the chain of custody.  Further,

KENT FIRE'S MOTION FOR SUMMARY
JUDGMENT (2:17-cv-01133-RSL) - 2

1    Mr. Nowell submitted unredacted records in violation of Local Civil Rule 5.2.  Dkt. 28 at Exs. C,

2    D, F, & G.

3            Mr. Franklin has also failed to properly authenticate the deposition excerpts. Dkt. 28 at Exs.

4    A & B; see *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 774, (9th Cir. 2002).  Here, Mr. Franklin

5    has not included the reporter's certification or the swearing in of the witnesses. *Orr,* 285 F.3d at

6    774.  Failure to include the reporter's certification renders the excerpts inadmissible.  *Id.*

7    Accordingly, the Court should strike these deposition excerpts.

8                    **III.    RESTATEMENT OF MATERIAL FACTS**

9            Notably, Mr. Nowell fails to present any admissible evidence to dispute the material facts of

10   record presented in Kent Fire's motion through the pertinent testimony of Firefighters Nate Strobel and

11   Dave White, TriMed employees Luis Szarko and Scott McClaine, his Xerox co-workers Carol

12   Forehand and David Demers, and Kent Police Officer John Dorff.  Dkts. 21; 26; 26-1; 26-2.    Mr.

13   Nowell does not dispute the following: (1) he was experiencing chest and leg pains while working at

14   Xerox on June 18, 2015; (2) he has a history of stroke/TIA symptoms; (3) his manager, Carol Forehand,

15   called 911; (4) Kent Fire advised him that he needed further evaluation by a medical doctor; (5) his

16   personal physician was unavailable; (6) he was unable to get ahold of his wife; (7) he intended on

17   driving himself home; (7) he walked away from the firefighters with the intention of going home; (8)

18   he was restrained to a gurney and refused to speak further with Kent Fire or TriMed; (9) his restraint

19   was consistent with protocol; (10) no coworkers intervened; (11) he did not tell anyone that he was in

20   pain or injured by the restraint; (12) when Kent Police arrived, he refused to speak; (13) he was

21   involuntarily committed by the Kent Police Officer Dorff, who determined Mr. Nowell was unable to

22   care for himself;  and (14) he was taken to the hospital, where he refused medical treatment.  Taking

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

those undisputed facts in the light most favorable to Mr. Nowell, summary judgment is warranted.

All that Mr. Nowell offers to this Court to rebut summary judgment are his own personal beliefs that he was not combative and that he was capable of making his own medical decisions. Dkt. 27. How Mr. Nowell chooses to characterize his own behavior is immaterial to the allegations he has made in this lawsuit. *See* Dkt. 27. Because the factual disputes argued by Mr. Nowell do not affect the outcome of his claims, they are irrelevant to the consideration of Kent Fire's motion for summary judgment. In addition, there is no dispute that Mr. Nowell is not medically trained and is not qualified to render medical opinions. Fed. R. Evid. 701-703. Mr. Nowell does not dispute that he intended on leaving the scene and driving himself home, risking his own safety and the public's safety. Dkt. 27 at 2:23-24; 3:7-8. Nor does Mr. Nowell dispute that Kent Fire's concern for his and the public's safety was paramount. Dkt. 26-1 at Ex. C at 47:4-49:23; 56:11-14; Dkt. 26-2 at Ex. G at 42:4-16. Even taking the facts in the light most favorable to Mr. Nowell, summary judgment is appropriate because he is unable to offer any evidence from which a reasonable jury could return a verdict in his favor.

## IV.    AUTHORITY AND ARGUMENT

### A.  The Court Should Dismiss Mr. Nowell's 42 U.S.C. § 1983 Claims.

#### 1.  Mr. Nowell Fails to Establish that Kent Fire Acted Under Color of Law.

Mr. Nowell is unable to point to a single reported case establishing that a fire department can be subject to a 42 U.S.C. § 1983 for acting under color of state law. Instead, Mr. Nowell relies on cases evaluating the actions of on-duty police officers and state-prison retained physicians. Dissimilar to the defendant in *West v. Atkins,* who was a physician *retained by the state* to render medical aid to inmates such as the plaintiff, where the state was solely responsible for providing medical care to the plaintiff inmate, defendant's actions were fairly attributable to the state itself,

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  Kent Fire was not retained by the state to provide specific services to a specific class of individuals.

2  487 U.S. 42 (1988).  Nor does *United States v. Causey* apply. 185 F.3d 407, 443 (5th Cir. 1999).  In

3  *Causey,* a police officer used his position to effectuate a murder and conspiracy in retaliation to an

4  internal investigation.  Unlike the defendant in *Causey,* Kent Fire did not conspire or plot to

5  effectuate a crime against Mr. Nowell specifically.  Kent Fire simply responded to a 911 dispatch

6  and addressed the circumstances they were presented with.

7       Mr. Nowell also relies on *Dang Vang v. Van Xiong X. Toyed,* a case involving an employee

8  of the Washington State Employment Security Office. 944 F.2d 476 (9th Cir. 1991).  In *Dang Vang,*

9  the defendant employee was responsible for interviewing and finding refugees suitable employment.

10  One plaintiff had several contacts with the defendant and later contacted him for assistance in

11  obtaining her driver's license. *Id.* at 478.   Defendant picked plaintiff up, telling her he would take

12  her somewhere to study for the driver's exam, and subsequently raped her.  *Id.*  Another plaintiff

13  was also raped by the defendant on multiple instances under the guise of potential employment

14  opportunities.  *Id.* The court found that the defendant was acting under color of state law and used

15  his position in the state government to deprive the plaintiffs of their right to be free from sexual

16  assault. *Id.* at 479.   Unlike the defendant in *Dang Vang,* Kent Fire did not plot, conspire, or use its

17  position solely for the purpose of depriving Mr. Nowell of constitutional rights.

18       Mr. Nowell fails to both address and meet the Ninth Circuit's three requirements to

19  determine whether or not an off-duty police officer acted under color of state law. *Anderson v.*

20  *Warner,* 451 F.3d 1063, 1068-69 (9th Cir. 2006) (citing *McDade,* 223 F.3d at 1140). Indeed, Mr.

21  Nowell provides no evidence to support a claim that Kent Fire was acting to further a law

22  enforcement investigation or administrative or governmental purpose.  Nor did Kent Fire force

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

treatment on Mr. Nowell, commit him, or arrest him.  Further, Mr. Nowell does not dispute that Kent Fire was acting for the independent interest of public safety by preventing Mr. Nowell from driving a car on public roads, endangering himself and others.  Because Kent Fire was not acting under color of law, Mr. Nowell's 42 U.S.C. § 1983 claims should be dismissed.

**2. Mr. Nowell Fails to Establish Claims Under the Fourth, Fifth, and Fourteenth Amendments.**

*a. The Court Should Dismiss Mr. Nowell's Fourth Amendment Excessive Force and Seizure Claims.*

Mr. Nowell concedes that his Fourth Amendment claim is to be evaluated as to whether or not Kent Fire's actions were "objectively reasonable" in light of the facts and circumstances confronting the fire fighters, and without regard to their underlying intent or motivations.  Dkt. 27 10 at 15-24; *Scott v. U.S.,* 436 U.S. 128, 137-39 (1978); *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989).   In responding to Kent Fire's motion, Mr. Nowell completely fails to address both *Graham* and *Hill v. Miracle,* 853 F.3d 306 (6th Cir. 2017), and fails to offer this Court any applicable legal authority in support of his claims.

Under a thorough analysis of both *Graham* and *Hill,* Mr. Nowell cannot sustain his excessive force claim under the Fourth Amendment.   Under *Hill,* the relevant factors in evaluating a use of force claim where the person in question has not committed a crime, is not resisting arrest, and is not directly threatening the officer, are:

(1)  Was the person experiencing a medical emergency that rendered him incapable of making a rational decision under circumstances that posed an immediate threat of serious harm to himself or others?
(2)  Was some degree of force reasonably necessary to ameliorate the immediate threat?
(3)  Was the force used more than reasonably necessary under the circumstances (i.e., was it excessive)?

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

853 F.3d at 314.  In response to Kent Fire's motion, Mr. Nowell does not dispute: (1) that he had a history of stroke symptoms, was suffering from chest and leg pains, needed further medical evaluation; (2) he was insistent about leaving and driving himself home;  (3) was attempting to leave the scene to drive home; and (4) was involuntarily committed by the Kent Police Department because Officer Dorff determined Mr. Nowell was unable to competently make medical decisions on his own behalf.

Whether or not Mr. Nowell initiated physical contact with Firefighter Backstein, or whether he perceived his behavior as combative, is not relevant to the inquiry under *Hill,* because Mr. Nowell concedes that he had the intention of driving himself home, which was the paramount public safety concern that Kent Fire had repeatedly expressed to him.  Even if Mr. Nowell did not make physical contact at all with Mr. Backstein, and even if he was outside of the doorway at the time he was restrained to the gurney, Kent Fire's actions were constitutional under the *Hill* standard because the Firefighters, consistent with protocol, used only the force necessary to restrain him and doing so ameliorated an immediate threat of harm to himself and the general public. 853 F.3d at 314.  Immaterial factual disputes cannot bar the granting of summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952-53 (9th Cir. 1978).

What's more, Mr. Nowell fails to present any evidence of significant injury, he presents no corroboration to his perception of the incident and does not dispute that he did not express to anyone that he was in pain or injured.  Mr. Nowell does not dispute that he was restrained consistent with EMS protocol, and that the force used to restrain him was only that which was necessary for that purpose. *See* Dkt. 21 at 9; Dkt. 26-1 at Ex. D 71:22-25; at Ex. C at 59:21-60:22; Dkt. 26-2 at Ex. I. Mr. Nowell's excessive force claim fails.

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

In addition, Mr. Nowell waives argument with respect to a constitutional deprivation of liberty and seizure claim under the Fourth Amendment. *See generally,* Dkt. 27. Mr. Nowell fails to address *Bracken v. Okura,* 955 F.Supp.2d 1138 (9th Cir. 2013) and *Arpin v. Santa Clara Valley Transportation Authority,* 261 F.3d 912 (9th Cir. 2001). At deposition and in response to Kent Fire's motion, Mr. Nowell admits that he had every intention of getting behind the wheel of his car and driving. Mr. Nowell does not dispute that Kent Fire advised him that he could not drive because doing so created a risk of injury/harm to himself and others. The reasonableness of Kent Fire's handling of the case was independently confirmed by Kent Police's issuance of an involuntary hold after a separate investigation. In doing so, Mr. Nowell has failed to present the Court with any evidence of Kent Fire acting unreasonably under the circumstances. Mr. Nowell's Fourth Amendment Claim should be dismissed.

### b. No Evidence Exists in Support of a Fifth Amendment Claim.

In response to Kent Fire's motion, Mr. Nowell again fails to address or articulate an actionable Fifth Amendment claim. *See* Dkt. 27 at 10-12. Having presented no evidence in support of a Fifth Amendment claim, summary judgment is warranted.

### c. No Evidence Exists in Support of a Fourteenth Amendment Claim.

Likewise, Mr. Nowell fails to address or articulate an actionable Equal Protection Claim against Kent Fire. Instead, Mr. Nowell continues to circularly argue the same facts underlying his excessive force claim under the Fourth Amendment. There is no separate Fourteenth Amendment claim based upon allegations that mirror a plaintiff's Fourth or Fifth Amendment claims. *See Fontana v. Haskin*, 262 F.3d 871, 881-82, (9th Cir. 2001), *citing County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S. Ct. 1708 (1998). Summary judgment should be granted with respect to

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1   the Fourteenth Amendment claim.

2   **B. The Court Should Dismiss Mr. Nowell's Assault and Battery Claims.**

3   Like his constitutional claims, Mr. Nowell fails to address the pertinent caselaw with respect

4   to his state law assault and battery claims.  Mr. Nowell has not and cannot present any evidence that

5   Kent Fire intentionally attempted to inflict bodily injury or harm to him.  *Brower v. Ackerley*, 88

6   Wn. App. 87, 92, 943 P.2d 1141 (1997); *Garratt v. Dailey*, 46 Wn.2d 197, 200, 279 P.2d 1091

7   (1955). Nor does Mr. Nowell address the fact that Court's generally give fire and medical personnel

8   deference where there is concern for a patient's wellbeing.  *See U.S. v. Overton,* 600 Fed. Appx. 303

9   (6th Cir. 2014); *Peete v. Metro Gov't of Nashville & Davidson Cnty.,* 486 F.3d 217 (6th Cir. 2007);

10   *see also State v. Jordan,* 187 Wn. App. 1022, 2015 WL 2164512 (2015) (unreported).

11   Here, it is undisputed that Kent Fire expressed concern to Mr. Nowell for his safety and the

12   safety of others in the event he drove himself home in the condition that he was in.  Dkt. 21 at 9;

13   Dkt. 26-1, at Ex. C at 60:8-25; Ex. D at 50:12-24. Kent Fire, TriMed, and all of Mr. Nowell's

14   coworkers expressed concern that he was suffering from a stroke.   It is undisputed that Mr. Nowell

15   had a history of stroke-like symptoms, was advised that he needed further medical evaluation from

16   a doctor, that he was unable to get in touch with his own physician or his wife, and that he attempted

17   to leave with the intention of driving himself home.  Kent Police determined that Mr. Nowell was

18   unable to care for himself, and he was involuntarily committed. Dkt. 26-2, at Ex. J.  At no time did

19   Mr. Nowell express an apprehension of injury and there is absolutely no evidence to support Mr.

20   Nowell's injury claim.[1]  Summary judgment is appropriate.

21   _____

22   [1] Notably, Mr. Nowell's response to Kent Fire's motion is the first time he has claimed a wrist injury in this litigation.

KENT FIRE'S MOTION FOR SUMMARY
JUDGMENT (2:17-cv-01133-RSL) - 9

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**C.  Mr. Nowell's False Imprisonment Claim Fails.**

With respect to his false imprisonment claim, Mr. Nowell fails to create a genuine issue of material fact precluding summary judgment.  Mr. Nowell concedes that he had every intention of leaving and driving himself home that day.  Dkt. 27 at 2:23-24; 3:7-8.  He also concedes that Kent Fire attempted to work with him, giving him the option of contacting his own physician.  Dkt. 27 at 2:17-19.  Ultimately Mr. Nowell's insistence on putting himself and the general public at risk while he was suffering from stroke-like symptoms dictated his outcome.  Dkt. 26-1 at Ex. D at 72:7-11.  Mr. Nowell fails to address the fact that fire personnel are generally given deference as long as their intent is not to detain a person in an effort to investigate a crime but is based on concerns for a patient's well-being. *See Hill,* 853 F.3d 306*; Overton,* 600 Fed. Appx. 303; *Peete,* 486 F.3d 217.  Kent Fire's concern was the safety and well-being of Mr. Nowell and the general public.  Dkt. 21 at 9; Dkt. 26-1, at Ex. C at 60:8-25; Ex. D at 50:12-24.  Summary judgment is appropriate.

**D.  The Court Should Dismiss Mr. Nowell's Negligence Claim.**

Mr. Nowell again fails to address substantive law with respect to his negligence claim.  By pursuing an excessive force claim under 42 U.S.C. § 1983 in addition to assault and battery claims, Mr. Nowell has waived his negligence claim.  *See, e.g.*, *Vikhu v. City of New York*, No. 06-CV-2095 CPS JO, 2008 WL 1991099, at *9 (E.D.N.Y. 2008); *Lucas v. District of Columbia*, 505 F. Supp. 2d 122, 126-27 (D.C.C. 2007); *Oliver v. Cuttler*, 968 F. Supp. 83, 92 (E.D.N.Y. 1997); *Mazurkiewicz v. New York City Trans. Auth.*, 810 F. Supp. 563, 570-71 (S.D.N.Y. 1993).   Further, Mr. Nowell fails to provide any evidence in support of gross negligence claim.   Thus, Mr. Nowell's negligence claim should be dismissed.

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**E.  Kent Fire is Immune to Civil Liability Under RCW 71.05.120.**

Under Washington's Involuntary Treatment Act, RCW 71.05.010, *et seq.*, Kent Fire is immune from civil liability because it acted in good faith and without gross negligence.  The legislative intent of the statute clearly states:

> (a) To protect the health and safety of persons suffering from mental disorders and substance abuse disorders **and to protect public safety** through use of the parens patriae and police powers of the state

RCW 71.05.010 (emphasis added). Kent Fire repeatedly told Mr. Nowell that driving in his condition **was a safety risk to himself and the general public**.  Dkt. 21 at 9; Dkt. 26-1, at Ex. C at 60:8-25; Ex. D at 50:12-24. The statute is properly implicated, and Kent Fire is immune to liability. Kent Fire substantively joins in TriMed's briefing on this issue.

## V.   CONCLUSION

The Court should grant summary judgment, dismiss all of Mr. Nowell's unsubstantiated claims against Kent Fire with prejudice and strike the inadmissible materials submitted by Mr. Nowell in response to Kent Fire's motion.

Respectfully submitted this 10th day of August, 2018.

CHRISTIE LAW GROUP, PLLC


By ____*/s/ Megan M. Coluccio*____

MEGAN M. COLUCCIO, WSBA #44178
Attorney for Defendant Kent Fire Department
    Regional Fire Authority aka Puget Sound
    Regional Fire Authority
2100 Westlake Avenue N., Suite 206
Seattle, WA  98109
Telephone:  (206) 957-9669
Fax:  (206) 352-7875
Email: megan@christielawgroup.com

1

2                              **<u>CERTIFICATE OF SERVICE</u>**

3          I hereby certify that on this 10th day of August, 2018, I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system which will be distributed to the following:

4

5                              Harold H. Franklin, Jr., WSBA #20486
                                        Attorney at Law
6                                    459 Seneca Avenue N.W.
                                       Renton, WA  98057
                              Email:  haroldfranklin1@comcast.net
7                                     Attorney for Plaintiff

8                              Dylan E. Jackson, WSBA #29220
                                 J.C. Miller, WSBA #51932
9                          Wilson, Smith, Cochran, Dickerson
                              901 Fifth Avenue, Suite 1700
10                                   Seattle, WA 98164
                                 Email: jackson@wscd.com
11                                Email: miller@wscd.com
                          Attorneys for Defendant Trimed Ambulance, LLC

12

13                              CHRISTIE LAW GROUP, PLLC

14

                              By _____*/s/  Megan M. Coluccio*_____
15                                MEGAN M. COLUCCIO, WSBA #44178
                                  Attorney for Defendant Kent Fire Department
16                                    Regional Fire Authority aka Puget Sound
                                      Regional Fire Authority
17                                2100 Westlake Avenue N., Suite 206
                                  Seattle, WA  98109
18                                Telephone:  (206) 957-9669
                                  Fax:  (206) 352-7875
19                                Email: megan@christielawgroup.com

20

21

22

KENT FIRE'S MOTION FOR SUMMARY                            **CHRISTIE LAW GROUP, PLLC**
JUDGMENT (2:17-cv-01133-RSL) - 12                       2100 WESTLAKE AVENUE N., SUITE 206
                                                              SEATTLE, WA 98109
                                                                206-957-9669